## Spychala, Appellant, v. Metropolitan Life Insurance Company.

Argued March 21, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Samuel G. Wagner,* of *Wagner & Wagner* and *Joseph A. Beck,* for appellant.

*D. C. Jennings,* for appellee, was not heard.

OPINION BY MR. JUSTICE BARNES, May 6, 1940:

Plaintiff, as beneficiary, brought suit to recover the death benefits provided by two policies of accident insurance issued by defendant to her husband, Thaddeus G. Spychala. The question before us involves the construction of the exception clause which appears in identical form in each policy, and which reads in part as follows: "This insurance shall not cover . . . injuries, fatal or non-fatal, sustained while participating in aviation or aeronautics except as a fare-paying passenger. . . ."

The statement of claim avers that the insured met his death on November 20, 1938, when a glider, or soaring machine, which he was operating, fell to earth. The glider was owned by members of a fraternal association and was used solely for recreational purposes. It was drawn by a cable until it rose in the air to a height of approximately 200 feet, whereupon it was automatically released. Ordinarily, the device would be propelled for a short distance by air currents until it gradually settled to the ground. The length of the flight was controlled to some extent by the skill of the operator in manipulating the wing controls and rudder. On this occasion, however, the glider attained a greater altitude than had been anticipated and was caught in a strong wind. The insured, while endeavoring to avoid a col-

lision with a grove of trees, lost control of the craft, which dropped suddenly to the ground. His neck was fractured by the impact, and he died a few hours thereafter.

In an affidavit of defense raising a question of law, the defendant avers that the insured at the time of his death was participating in aviation or aeronautics, and as this was a risk excluded from coverage in the policies, the plaintiff is not entitled to the death benefits. The court below sustained this contention, and entered judgment in favor of defendant, from which plaintiff has taken this appeal.

It is argued that the activity in which the insured was engaged at the time he met death was not included within the meaning of the clause "participating in aviation or aeronautics" as used in the policies; that the provision was not intended to refer to short flights undertaken as a form of sport or recreation where the person ascends less than two hundred feet in the air and remains aloft but a few minutes. It is conceded by plaintiff that a different case would be presented where the glider is so operated that it remains in the air for a substantial length of time and soars to a great height.

Therefore the question is whether the operation of a glider, under the circumstances here present, is within the exception clause of the policies. The answer depends largely upon the meaning to be given the words "aviation or aeronautics." Turning to Webster's International Dictionary we find that the word "aviation" is defined as "the art or practice of operating heavier than air aircraft"; "aeronautics" is the "science that treats of the operation of aircraft; also, the art or science of operating aircraft"; the word "glider" is defined as "a form of aircraft similar to an airplane, but without any engine." In the Encyclopædia Britannica (14th Ed.) Volume 10, page 428, it is said that gliding is the "art of flying a heavier than air craft similar to

an aeroplane but not provided with an engine." It thus appears that a glider is a type of airplane which is not equipped with a motor, and that the term "aeronautics" is a broad one and embraces the whole art of navigating the air: *Head v. New York Life Ins. Co.*, 43 F. (2d) 517, 520; *Tierney v. Occidental Life Ins. Co.*, 89 Calif. App. 779. These definitions support the conclusion reached by the court below that the operation of a glider, even for the short flights as here attempted, is participation in aviation or aeronautics within the meaning of the language used in the policies.

The case of *Irwin v. Prudential Ins. Co. of A.*, 5 Fed. Supp. 382, has been called to our attention in the briefs of both parties. The facts are similar in many respects to those of the present case. There the insured died as the result of injuries sustained while operating a glider in which he was riding for recreational purposes as pilot and sole occupant. Suit was instituted to recover double indemnity accidental death benefits upon a policy of life insurance containing a clause excluding "death resulting from having been engaged in military or naval service or in aviation or submarine operations." The case was tried upon an agreed statement of facts, and the sole question was whether the insured was engaged in aviation at the time of his death, within the meaning of the exception clause of the policy. The court said (p. 383): "What, then, are 'aviation operations,' and did the death of the insured result from having been 'engaged in' such operations? Giving to the quoted words, as we are bound to do, their plain, popular, ordinary meaning, it seems quite clear that the act of operating aircraft through the air is an 'aviation operation' and that the person who is so operating such aircraft is 'engaged in' an 'aviation operation.' " It was held that plaintiff was not entitled to recover under the double indemnity provision of the policy.

It seems to us that the manifest purpose of the parties to the present insurance contract was to exclude all risks

which might arise by reason of the participation of the insured in aviation or aeronautics, except in those cases where he was a fare-paying passenger. It is clear that the accident which occurred was one for which the defendant expressly stipulated that it would not assume liability. We can find no reasonable basis for the distinction which plaintiff makes that distance and length of time in the air are important considerations, because it was demonstrated that the height of two hundred feet from the ground was amply sufficient, unfortunately, to cause the death of the insured.

Nor is the fact that the insured was engaged in flying the glider for recreational purposes of any significance. The policies referred to aviation and aeronautics in general terms, without any qualification as to the commercial or non-commercial character of the participation of the insured therein. It therefore follows that the death of the insured resulted from his participation in aviation or aeronautics within the meaning of the exception clause of the policies, and the plaintiff is not entitled to recover in this action.

The judgment is affirmed.